IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | CRIMINAL NO. 19- |
| v. | : | DATE FILED: November ___ , 2019 |
| BRANDON J. FISHER | : | VIOLATIONS:<br>18 U.S.C. § 1341 (mail fraud – 7 counts) |
| | : | 18 U.S.C. § 1028A (aggravated ID theft – 6 counts) |
| | : | Notice of forfeiture |

## INDICTMENT

## COUNTS ONE THROUGH SEVEN

**THE GRAND JURY CHARGES THAT:**

At all times material to the indictment:

1. Experian PLC ("Experian") was a consumer credit reporting agency ("CRA"), also known as a credit bureau, that did business in the Eastern District of Pennsylvania and elsewhere.

2. Experian was one of three major credit bureaus in the United States, the others being Equifax and TransUnion. Like Equifax and TransUnion, Experian collected and maintained consumer credit information and sold that information to other businesses in the form of credit reports. Experian also assigned credit ratings to consumers, based on the consumers' history of incurring and repaying debt: consumers with records of repaying their debts were given higher credit ratings than consumers with records of not repaying their debts.

3. Experian's business practices were governed by the Fair Credit Reporting Act (FCRA), which is a federal statute. The FCRA entitles individual consumers to know what information is contained in their credit reports and to dispute information that they believe is

inaccurate. The FCRA also provides protections for individuals who suspect they have been or may soon become victims of identity theft. Such individuals can report the alleged identity theft to the CRA and dispute one or more of the debts identified on their credit reports. A CRA that receives such a claim must promptly notify the other CRAs of the disputed debt. Additionally, if the consumer provides the CRA with some type of identity theft report, the CRA must "block" the challenged debt from the consumer's credit report within four business days. The CRA also must notify whichever "data furnisher" had reported the unpaid debt of the identity theft claim and give the data furnisher an opportunity to investigate it and respond to it. There are provisions in the FCRA that permit a CRA to restore the debt to a consumer's credit report if it learns that the consumer's identity theft claim was false. Often, however, the identity theft claims are unchallenged, and the CRA keeps the debt off the consumer's credit report.

4. The Federal Trade Commission ("FTC") was an agency within the United States Government. The FTC had a website accessible to the public where individuals could fill out identity theft reports and transmit them to a CRA.

5. Experian had a policy that required any consumer who submitted a claim of identity theft to support such a claim with either a valid police report, an FTC identity theft report, or some equivalent document.

6. Defendant BRANDON J. FISHER was an individual residing in Philadelphia, in the Eastern District of Pennsylvania.

7. In or about October 2016, defendant BRANDON J. FISHER opened a business in Philadelphia, in the Eastern District of Pennsylvania, called New Beginnings 1 on 1 ("New Beginnings"), which defendant FISHER marketed as a credit repair company that could

help customers get "negative items" deleted from their credit reports. Defendant FISHER hired employees at New Beginnings who took actions on behalf of New Beginnings at his direction.

8. From at least October 28, 2016, until at least December 19, 2018, in Philadelphia, in the Eastern District of Pennsylvania, and elsewhere, defendant

**BRANDON J. FISHER**

knowingly executed a scheme to defraud customers of New Beginnings and their creditors out of money and property, by means of false and fraudulent pretenses, representations and promises.

**THE SCHEME**

It was part of the scheme that:

9. Defendant BRANDON J. FISHER submitted and caused others to submit false claims of identity theft to Experian on behalf of hundreds of New Beginnings customers in a fraudulent attempt to have debts removed from those customers' credit reports.

10. Defendant BRANDON J. FISHER supported these false claims of identity theft by providing and directing others to provide Experian with phony police reports, fake FTC identity theft reports, forged notarized affidavits, and other fraudulent documentation that were designed to make it appear like the New Beginnings customers had filled out official complaints of identity theft.

11. Defendant BRANDON J. FISHER also provided and caused others to provide Experian with personal identifying information of New Beginnings customers, such as their names, dates of birth, and social security numbers.

12. Defendant BRANDON J. FISHER sent the false identity theft claims to Experian without the knowledge or authorization of the New Beginnings customers.

13. Defendant BRANDON J. FISHER also fraudulently disputed some of the debts on his own credit report at Experian and transmitted to Experian a phony police report and other false documentation in support of his fraudulent challenges to those debts.

14. In total, defendant BRANDON J. FISHER submitted and caused others to submit fraudulent claims of identity theft to Experian on behalf of approximately 290 different New Beginnings customers, plus himself.  These fraudulent claims challenged a total of approximately 1,314 different debts that had been reported to Experian from various data furnishers across the United States of America.  The fraudulently challenged debts had a total value of approximately $2,922,396.  Experian denied some of the challenges but ultimately deleted approximately $1,174,585 of that fraudulently disputed debt from New Beginnings customers' credit reports.

15. Defendant BRANDON J. FISHER charged New Beginnings customers fees that typically ranged from $600 to $1,000, depending on the amount of each customer's debt.  These customers paid defendant FISHER to use legitimate methods to repair their credit and did not know that he had used fraudulent means to increase their credit scores.

16. In total, defendant BRANDON J. FISHER defrauded New Beginnings customers out of at least $108,730 by falsely representing that he legitimately could get negative items deleted from their credit reports.

**MANNER AND MEANS**

It was part of the scheme that:

17. Defendant BRANDON J. FISHER used social media, including Instagram and Facebook accounts, to promote New Beginnings to potential customers in and around

Philadelphia. Defendant FISHER posted photographs and testimonial-type video recordings on these accounts, boasting about his ability to delete negative items from people's credit reports.

18. Defendant BRANDON J. FISHER charged and directed New Beginnings employees to charge each customer a fee that typically consisted of a $200 payment upfront, plus an amount of money approximately equal to 10 percent of the customer's outstanding debt. Most customers paid New Beginnings in cash or by transmitting money to New Beginnings over the internet.

19. Each customer was asked to provide New Beginnings with personal identifying information, such as his or her name, date of birth, and social security number, as well as information about their outstanding debts.

20. Defendant BRANDON J. FISHER used the customers' personal identifying information to create false identity theft reports on behalf of those customers.

21. The false reports included what appeared to be Philadelphia Police Department reports that are known in the department as "Form 75-48s."

22. Defendant BRANDON J. FISHER had obtained at least one genuine, completed Form 75-48, and several blank Form 75-48s, and used them to create fraudulent Form 75-48s for the New Beginnings customers in order to make it appear like the customers had complained to the Philadelphia Police that they had been victims of identity theft. In actuality, the New Beginnings customers were not victims of identity theft and did not file claims of identity theft with the Philadelphia Police.

23. Defendant BRANDON J. FISHER also used the customers' personal identifying information to create fraudulent notarized affidavits. The affidavits appeared to contain claims by the customers that they had been victims of identity theft, appeared to be

signed by the customers, and appeared to be signed and sealed by a notary with the initials "S.K."  In actuality, the documents had neither been signed by the customers nor notarized.

          24.     Defendant BRANDON J. FISHER had obtained one document containing a notarized signature and stamp of S.K., photocopied that document without the knowledge or consent of S.K., and used it to fabricate the fraudulent affidavits.

          25.     Defendant BRANDON J. FISHER also used some of the customers' personal identifying information to go on the FTC website and create fraudulent identity theft reports in the names of those customers.  Defendant FISHER printed out many of those fraudulent FTC identity theft reports.

          26.     Defendant BRANDON J. FISHER used the United States mail to transmit many of the fraudulent identity theft claims he submitted to Experian on behalf of New Beginnings customers.  Defendant FISHER included phony Form 75-48s, forged notarized affidavits, and fraudulent FTC identity theft reports in many of these mailings.

          27.     Defendant BRANDON J. FISHER also used the FTC website to transmit some of the fraudulent identity theft claims directly to Experian.

28. On or about each of the dates set forth below, in the Eastern District of Pennsylvania and elsewhere, defendant

**BRANDON J. FISHER**

for the purpose of executing the scheme described above, knowingly caused to be transmitted by United States mail and private and commercial carriers the following documents, each mailing constituting a separate count:

| COUNT | DATE | DESCRIPTION |
|---|---|---|
| 1 | August 17, 2017 | Claim disputing debts on the credit report of S.N. |
| 2 | October 1, 2017 | Claim disputing debts on the credit report of Brandon Fisher |
| 3 | October 10, 2017 | Claim disputing debts on the credit report of M.B. |
| 4 | December 13, 2017 | Claim disputing debts on the credit report of K.B. |
| 5 | March 8, 2018 | Claim disputing debts on the credit report of K.L. |
| 6 | March 8, 2018 | Claim disputing debts on the credit report of M.N. |
| 7 | March 11, 2018 | Claim disputing debts on the credit report of S.C. |

All in violation of Title 18, United States Code, Section 1341.

## **COUNT EIGHT**

**THE GRAND JURY FURTHER CHARGES:**

On or about August 17, 2017, in Philadelphia, in the Eastern District of Pennsylvania, and elsewhere, defendant

**BRANDON J. FISHER**

knowingly and without lawful authority possessed and used a means of identification of another person, that is, the name, date of birth, and social security number of S.N, during and in relation to mail fraud.

In violation of Title 18, United States Code, Sections 1028A(a)(1), (c)(5) and 2.

## COUNT NINE

**THE GRAND JURY FURTHER CHARGES:**

On or about October 10, 2017, in Philadelphia, in the Eastern District of Pennsylvania, and elsewhere, defendant

**BRANDON J. FISHER**

knowingly and without lawful authority possessed and used a means of identification of another person, that is, the name, date of birth, and social security number of M.B., during and in relation to mail fraud.

In violation of Title 18, United States Code, Sections 1028A(a)(1), (c)(5) and 2.

## COUNT TEN

**THE GRAND JURY FURTHER CHARGES:**

On or about December 13, 2017, in Philadelphia, in the Eastern District of Pennsylvania, and elsewhere, defendant

**BRANDON J. FISHER**

knowingly and without lawful authority possessed and used a means of identification of another person, that is, the name, date of birth, and social security number of K.B., during and in relation to mail fraud.

In violation of Title 18, United States Code, Sections 1028A(a)(1), (c)(5) and 2.

## COUNT ELEVEN

**THE GRAND JURY FURTHER CHARGES:**

On or about March 8, 2018, in Philadelphia, in the Eastern District of Pennsylvania, and elsewhere, defendant

### BRANDON J. FISHER

knowingly and without lawful authority possessed and used a means of identification of another person, that is, the name, date of birth, and social security number of K.L., during and in relation to mail fraud.

In violation of Title 18, United States Code, Sections 1028A(a)(1), (c)(5) and 2.

## COUNT TWELVE

**THE GRAND JURY FURTHER CHARGES:**

On or about March 8, 2018, in Philadelphia, in the Eastern District of Pennsylvania, and elsewhere, defendant

### BRANDON J. FISHER

knowingly and without lawful authority possessed and used a means of identification of another person, that is, the name, date of birth, and social security number of M.N., during and in relation to mail fraud.

In violation of Title 18, United States Code, Sections 1028A(a)(1), (c)(5) and 2.

## COUNT THIRTEEN

**THE GRAND JURY FURTHER CHARGES:**

On or about March 11, 2018, in Philadelphia, in the Eastern District of Pennsylvania, and elsewhere, defendant

**BRANDON J. FISHER**

knowingly and without lawful authority possessed and used a means of identification of another person, that is, the name, date of birth, and social security number of S.C, during and in relation to mail fraud.

In violation of Title 18, United States Code, Sections 1028A(a)(1), (c)(5) and 2.

## NOTICE OF FORFEITURE

**THE GRAND JURY FURTHER CHARGES:**

1. As a result of the violation of Title 18, United States Code, Sections 1341, set forth in this indictment, defendant

**BRANDON J. FISHER**

shall forfeit to the United States of America, any property, real or personal, which constitutes or is derived from proceeds traceable to the commission of such offenses, including, but not limited to up to the sum of $130,528 in United States currency.

2. If any of the property subject to forfeiture, as a result of any act or omission of the defendant:

    (a) cannot be located upon the exercise of due diligence;

    (b) has been transferred or sold to, or deposited with, a third party;

    (c) has been placed beyond the jurisdiction of the Court;

    (d) has been substantially diminished in value; or

    (e) has been commingled with other property which cannot be divided without difficulty;

it is the intent of the United States, pursuant to Title 28, United States Code, Section 2461(c), incorporating Title 21, United States Code, Section 853(p), to seek forfeiture of any other property of the defendant up to the value of the property subject to forfeiture.

All pursuant to Title 18, United States Code, Section 981(a)(1), and Title 28, United States Code, Section 2461(c).

**A TRUE BILL:**

_____
**FOREPERSON**

_____
**WILLIAM M. McSWAIN**
**United States Attorney**