IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
| v. | : | CRIMINAL NO. 19-666 |
| BRANDON J. FISHER | : | |

**GOVERNMENT'S CHANGE OF PLEA MEMORANDUM**

**I.   INTRODUCTION**

Defendant Brandon J. Fisher is charged in an indictment with seven counts of mail fraud, in violation of 18 U.S.C. § 1341 (Counts 1 through 7), and six counts of aggravated identity theft, in violation of 18 U.S.C. § 1028A (Counts 8 through 13).   The charges arise from evidence that the defendant devised and executed a scheme to defraud individuals who hired him to repair their bad credit and a scheme to defraud a credit bureau by making false claims of identity theft.

**II.   ENTRY OF GUILTY PLEA**

The defendant intends to plead guilty to all 13 charges, pursuant to a plea agreement with the government, a unsigned copy of which is enclosed with this memorandum. A change of plea hearing has been scheduled for Wednesday, July 1, 2020, at 1 p.m.

1

### III.	ESSENTIAL ELEMENTS OF THE OFFENSES

#### 18 U.S.C. §   1341 (mail fraud)

To obtain a conviction for mail fraud under 18 U.S.C. § 1341, the government would have to prove that the defendant:

(1)	Knowingly devised a scheme to defraud or to obtain money or property by materially false or fraudulent pretenses, representations or promises, or wilfully participated in such a scheme with knowledge of its fraudulent nature;
(2)	Acted with intent to defraud; and
(3)	In advancing, furthering, or carrying out the scheme, used the mails or caused the mails to be used.

#### 18 U.S.C. §   1028A (aggravated identity theft)

To obtain a conviction for aggravated identity theft under 18 U.S.C. § 1028A, the government would have to prove that a defendant:

(1)	Knowingly used the means of identification of another person;
(2)	Did so without lawful authority and knowing that the other person was an actual person; and
(3)	Did so during and in relation to a violation of a felony enumerated in 18 U.S.C. § 1028A(c).

Among the felonies enumerated in Section 1028A(c)(5) are "any provision contained in chapter 63 (relating to mail, bank, and wire fraud)." 18 U.S.C. § 1343 is contained in Chapter 63

### IV.	MAXIMUM PENALTIES

The defendant could be sentenced to the following statutory maximum and mandatory minimum sentences: Counts 1 through 7, mail fraud, 20 years imprisonment, 3 years supervised release, a $250,000 fine, and a $100 statutory assessment per count; Counts 8 through 13, aggravated identity theft, a mandatory minimum of 2 years imprisonment, one count of which must be served consecutively to any other sentence other than a different aggravated identity theft sentence, 1 year supervised release, a $250,000 fine, and a $100 statutory assessment per count.

Total Maximum Sentence is: 152 years' imprisonment, 2 years' mandatory minimum imprisonment, a 3-year period of supervised release, a $3,250,000 fine, and a $1,300 special

assessment. Full restitution of as much as $1,283,315 shall be ordered. Forfeiture of all proceeds from the offense also may be ordered. When supervised release is revoked, the original term of imprisonment may be increased by up to 3 years on Counts 1 through 7, and 1 year on each of Counts 8 through 13.

## V. FACTUAL BASIS FOR THE PLEA

If the case were to proceed to trial, the government would introduce competent evidence which would establish the following:

From at least October 28, 2016, until at least December 19, 2018, defendant Brandon J. Fisher devised and executed a scheme to defraud hundreds of people into paying his company, New Beginnings 1 on 1 ("New Beginnings"), to repair their bad credit, when all that New Beginnings actually did on behalf of its customers was to submit fraudulent claims to Experian PLC ("Experian") that the customers had been victims of identity theft and had not actually incurred the debts listed on their credit reports.

Experian is one of three major consumer credit reporting agencies, also known as credit bureaus, in the United States, the others being Equifax and TransUnion. Like Equifax and TransUnion, Experian collected and maintained consumer credit information and sold that information to other businesses in the form of credit reports. Experian also assigned credit ratings to consumers, based on the consumers' history of incurring and repaying debt: consumers with records of repaying their debts were given higher credit ratings than consumers with records of not repaying their debts. At all times relevant to this indictment, Experian's business practices were governed by the Fair Credit Reporting Act (FCRA), which entitles individual consumers to know what information is contained in their credit reports and to dispute

information that they believe is inaccurate.   The FCRA also provides protections for individuals who suspect they have been or may soon become victims of identity theft.   Such individuals can report the alleged identity theft to the credit bureau and dispute one or more of the debts identified on their credit reports. Experian had a policy that required any consumer who submitted a claim of identity theft to support such a claim with either a valid police report, a Federal Trade Commission ("FTC") identity theft report, or some equivalent document.

In October 2016, defendant Fisher, a resident of the Eastern District of Pennsylvania, opened New Beginnings in Philadelphia and marketed it as a credit repair company that could help customers get "negative items" deleted from their credit reports.   For more than two years, Fisher and New Beginnings employees acting at Fisher's direction submitted false claims of identity theft to Experian on behalf of hundreds of New Beginnings customers in a fraudulent attempt to have debts removed from those customers' credit reports. Fisher supported these false claims of identity theft by providing and directing others to provide Experian with phony police reports, fake FTC identity theft reports, forged notarized affidavits, and other fraudulent documentation that were designed to make it appear like the New Beginnings customers had filled out official complaints of identity theft.   Fisher also provided and caused his employees to provide Experian with personal identifying information of New Beginnings customers, such as their names, dates of birth, and social security numbers.   Fisher also fraudulently disputed some of the debts on his own credit report at Experian and transmitted to Experian a phony police report and other false documentation in support of his fraudulent challenges to those debts.

In total, Fisher submitted and caused others to submit fraudulent claims of identity theft to Experian on behalf of approximately 290 different New Beginnings customers, plus himself. These fraudulent claims challenged a total of approximately 1,314 different debts that had been reported to Experian from various data furnishers across the United States of America. The fraudulently challenged debts had a total value of approximately $2,922,396. Experian denied some of the challenges but ultimately deleted approximately $1,174,585 of that fraudulently disputed debt from New Beginnings customers' credit reports.

Fisher charged New Beginnings customers fees that typically ranged from $600 to $1,000, depending on the amount of each customer's debt. These customers paid Fisher to use legitimate methods to repair their credit and did not know that he had used fraudulent means to increase their credit scores. In total, Fisher defrauded New Beginnings customers out of at least $108,730 by falsely representing that he legitimately could get negative items deleted from their credit reports.

To further the scheme, Fisher knowingly caused at least seven transmissions by United States mail and private and commercial documents, each of which is described separately in Counts 1 through 7 of the indictment: namely,

| COUNT | DATE | DESCRIPTION |
| --- | --- | --- |
| 1 | August 17, 2017 | Claim disputing debts on the credit report of S.N. |
| 2 | October 1, 2017 | Claim disputing debts on the credit report of Brandon Fisher |
| 3 | October 10, 2017 | Claim disputing debts on the credit report of M.B. |
| 4 | December 13, 2017 | Claim disputing debts on the credit report of K.B. |
| 5 | March 8, 2018 | Claim disputing debts on the credit report of K.L. |
| 6 | March 8, 2018 | Claim disputing debts on the credit report of M.N. |
| 7 | March 11, 2018 | Claim disputing debts on the credit report of S.C. |

The individuals whose initials are represented in Count 1 and Counts 3 through 7 were customers of New Beginnings, and Fisher knew that each one was a real person.   On the dates listed above, Fisher knowingly and without lawful authority possessed and used the personal identifying information of these individuals – that is, their names, dates of birth, and social security numbers – during and in relation to his mail fraud.

Respectfully submitted,
WILLIAM M. McSWAIN
United States Attorney


/s/ Mark B. Dubnoff
MARK B. DUBNOFF
Assistant United States Attorney

## **CERTIFICATE OF SERVICE**

I hereby certify that a true and correct copy of the foregoing Government's Change of Plea Memorandum was served by email upon:

Perry de Marco, Jr.
Law Offices of Perry de Marco Jr.
Perry de Marco, Jr. ESQ.
200 West Baltimore Ave
Suite 101
Media Pa, 19063


Date: June 29, 2020                     /s/ Mark B. Dubnoff
                                                    MARK B. DUBNOFF